# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re: | ) |
| | ) Dist. Ct. No. 2:14-cv-13044 |
| CITY OF DETROIT, MICHIGAN, | ) Hon. Bernard A. Friedman |
| | ) U.S. District Judge |
| *Debtor*. | ) |
| | ) |
| SYNCORA GUARANTEE INC. AND | ) Bankr. Ct. No. 13-53846 |
| SYNCORA CAPITAL ASSURANCE INC., | ) Hon. Steven W. Rhodes |
| | ) U.S. Bankruptcy Judge |
| | ) |
| *Appellants*, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF DETROIT, MICHIGAN, | ) |
| | ) |
| | ) |
| *Appellee*. | ) |

## BRIEF OF APPELLANTS SYNCORA GUARANTEE INC. AND SYNCORA CAPITAL ASSURANCE INC.

| | |
|---|---|
| Stephen M. Gross | James H.M. Sprayregen, P.C. |
| David A. Agay | Ryan Blaine Bennett |
| Joshua Gadharf | Stephen C. Hackney |
| MCDONALD HOPKINS LLC | KIRKLAND & ELLIS LLP |
| 39533 Woodward Avenue | 300 North LaSalle |
| Bloomfield Hills, MI  48304 | Chicago, IL  60654 |
| (248) 646-5070 | (312) 862-2000 |

*Counsel for Appellants*

August 15, 2014

## INTRODUCTION

At issue in this appeal is whether the bankruptcy court abused its discretion when it denied a motion by Syncora Guarantee Inc. and Syncora Capital Assurance Inc. (collectively "Syncora") requesting to view, or in the alternative, unseal an order the bankruptcy court entered *sua sponte*.  That order, which the bankruptcy court sealed without a record or explanation, supplemented a prior order to which Syncora is bound as a party to mediation.  Despite no record and no party providing any arguments to refute Syncora's presumptive right and valid and irrefutable reasons for viewing the supplemental order, the bankruptcy court perfunctorily concluded, without justification, "that cause has not been shown which would warrant the granting of the motion."  The bankruptcy court most certainly abused its discretion.

Under Sixth Circuit law, Syncora has a presumptive right to view the supplemental order.  And Syncora's need to view the supplemental order is irrefutable.  Syncora cannot be simultaneously bound by something and not be permitted to see it.  The City has repeatedly used the confidentiality provisions in the bankruptcy court's mediation order to limit Syncora's access to discovery in this case.  The supplemental order purports to amend or supplement that very mediation order, specifically as to the issue of confidentiality.  Remarkably though, Syncora has been denied the ability to review that order, while, at the same

time, have its access to a fair trial seemingly defined by it. Moreover, the content of the sealed order may further and substantially support Syncora's pending objections to the City's plan of adjustment, particularly that the plan has not been proposed in good faith. To the extent of such content, by limiting Syncora's access to the sealed order, the bankruptcy court's ruling further deprives Syncora of its fundamental right to object to the City's proposed plan of adjustment and undeniably taints the confirmation process. Absent compelling reasons—and no such reasons exist here—Sixth Circuit law requires that Syncora be afforded the relief sought in the motion. At a minimum, the bankruptcy court erred by failing to articulate its reasons—as required by Sixth Circuit law—for setting aside the strong presumption in favor of allowing Syncora to view or, in the alternative, unseal the Supplemental Order.

In light of the bankruptcy court's clear errors, Syncora respectfully requests that this Court either (a) reverse the bankruptcy court's order denying Syncora's motion or (b) in the alternative, vacate and remand such order with instructions that the bankruptcy court must either unseal the supplemental order or provide a reasoned decision explaining why it refuses to do so within five days of any remand from this Court.

## STATEMENT OF JURISDICTION

The bankruptcy court had subject-matter jurisdiction over this proceeding. *See* 28 U.S.C. § 1334(b) (extending bankruptcy jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11").

This Court likewise has subject-matter jurisdiction over this appeal. The bankruptcy court entered a final order on July 2, 2014. Bankr. Dkt. No. 5746; *see also In re Dow Corning Corp.*, 86 F.3d 482, 488 (6th Cir. 1996). Syncora timely filed this appeal under 28 U.S.C. § 158(a) on July 3, 2014. Bankr. Dkt. No. 5759.

## STATEMENT OF THE ISSUE

Whether the bankruptcy court erred by denying, without explanation, Syncora's motion requesting to view or, in the alternative, unseal an order entered *sua sponte* that relates to an ongoing mediation to which Syncora is a party.

## STANDARD OF REVIEW

This Court, sitting as an appellate court, reviews a bankruptcy court's decision whether to modify a sealed order for an abuse of discretion. *See Soddu v. Procter & Gamble Co.*, 531 Fed. App'x 686, 692 (6th Cir. 2013).

## STATEMENT OF THE CASE

On July 18, 2013, the City filed a petition commencing the bankruptcy case under chapter 9 of the Bankruptcy Code. On August 13, 2013, the bankruptcy court entered an order (the "Original Mediation Order" and, as amended or supplemented, the "Mediation Order") directing parties to submit to mediation.

3

*See* R-1.[1] On August 20, 2013, and September 3, 2013, the bankruptcy court ordered Syncora to submit to mediation under the Original Mediation Order. *See* R-2; R-3. As a result, Syncora is bound by the Original Mediation Order, including to the extent it is amended or supplemented by any subsequent order.

On June 12, 2014, the bankruptcy court *sua sponte* entered the Supplemental Order Regarding Mediation Confidentiality (the "Supplemental Order") under seal. Bankr. Dkt. No. 5294. Based on its title, the Supplemental Order relates to "mediation confidentiality", which suggests the order impacts all mediation parties, either directly or indirectly, and likely implicates the City's proposed plan of adjustment, which is the subject of mediation and Syncora's pending objections. Upon information and belief, the Court provided the City, a mediation party, with a copy of the Supplemental Order. The Court did not provide Syncora with the Supplemental Order and Syncora was unable to obtain a copy through informal requests.

On June 16, 2014, Syncora, jointly with creditors Financial Guarantee Insurance Company and Hypothekenbank Frankfurt AG, Hypothekenbank Frankfurt International S.A., Erste Europäische Pfandbriefund Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A. (collectively, the

---

[1] "R-" cites refer to the record on appeal and correspond to the item numbers listed in Syncora's Designation of the Contents of the Record and Statement of Issues on Appeal, Bankr. Dkt. No. 6104.

"Creditors"), filed a motion to view or, in the alternative, unseal the Supplemental Order (the "Motion"). *See* R-10. In the Motion, the Creditors emphasized that, while they "are mindful that certain sensitive information regarding this case's mediation process may be protected from third parties not subject to the confidentiality obligations under the mediation order, the order itself—together with its amendments, supplements, or subsequent versions—must be viewable at least by the mediation parties." *Id.* at ¶ 2.

On July 1, 2014, the City filed a sparse, one-page objection to the Motion (the "Objection"). Bankr. Dkt. No. 5728. The City argues simply that Syncora does not need to view the Supplemental Order because, "if the Supplemental Order affected the Movants, the City believes that the Movants would have been served with a copy of the Supplemental Order." *Id.* But the City's argument, which is void of any legal or factual bases, is no argument at all.

The bankruptcy court declined to set a hearing. Indeed, the day after the City filed the Objection, the bankruptcy court entered its nondescript order denying the Motion (the "Order"). Bankr. Dkt. No. 5746. In denying the Motion, the bankruptcy court stated inexplicably: "A hearing is not necessary for the Court to make a determination regarding the creditors' motion. The Court finds that cause has not been shown which would warrant the granting of the motion." Order at 1. This appeal followed.

## SUMMARY OF ARGUMENT

Syncora submits that the bankruptcy court committed reversible error in denying the Motion.  *First*, the bankruptcy court erred by ignoring Syncora's presumptive right, and its valid and irrefutable reasons for needing, to view the Supplemental Order.  In fact, neither the bankruptcy court nor any party made any attempt to rebut Syncora's reasons or explain how in the absence of a motion or factual record, the bankruptcy court's need for secrecy—unusual given the bankruptcy court is a public forum and bankruptcy law is based on disclosure—outweighed these reasons.  *Second*, the bankruptcy court erred by entering a terse order denying the Motion without a hearing and without providing justification for its decision, as required by clearly established Sixth Circuit law.  Accordingly, the Order should be reversed or, at a minimum, vacated and remanded to the bankruptcy court for proper findings.

## ARGUMENT

I. **The Order Must Be Reversed Because the Bankruptcy Court Erred by Denying Syncora's Motion Requesting to View or, in the Alternative, Unseal the Sealed Supplemental Order.**

A district court has supervisory power over its own records.  But its discretionary power to seal these records "is not insulated from review merely because the judge has discretion in his domain." *Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 163 (6th Cir. 1987) (citation and internal quotation marks omitted).  Instead, a bankruptcy court must articulate reasons why

the "long-established legal tradition which recognizes the ***presumptive right*** of the public to inspect and copy" such records should be set aside. *Id.* (quoting *In re Knoxville News Sentinel Co.*, 723 F.2d 470, 473–74 (6th Cir. 1983)) (emphasis added).

As such, the Sixth Circuit has stressed the "importance of affording interested persons a reasonable opportunity to be heard ***before sealing*** a court record," and held that "[o]nly the ***most compelling*** reasons can justify non-disclosure of judicial records." *Id.* (emphasis in original). This presumptive right in favor of public access to judicial records is ***even*** stronger when the party seeking access to such records is a party in the case and is impacted by the sealed record.

Despite Syncora having a presumptive right to view the Supplemental Order, neither the bankruptcy court nor any party put forth any arguments to overcome this presumption. *See, e.g.*, *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (stating that the presumptive right to access can only be rebutted "if countervailing interests heavily outweigh the public interests in access"); *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (same); *Raulerson v. Massanari*, 25 Fed. App'x 589, 594 (9th Cir. 2001) (same). The City's only response was that "[b]ecause the Supplemental Order was filed under seal, the City cannot describe or reveal its contents. Nevertheless, if the

Supplemental Order affected the Movants, the City believes that the Movants would have been served with a copy of the Supplemental Order." *See* Objection at ¶¶ 2–3. Thus, the City just hid behind the seal. And the bankruptcy court's reasoning was cursory and inadequate. *See* Order at 1 ("The Court finds that cause has not been shown which would warrant the granting of the motion.").

Syncora's need to view the order is irrefutable. Without viewing the Supplemental Order, Syncora cannot know what its potential legal rights and obligations may be under the Mediation Order or Supplemental Order. And, to understand whether the claimed "mediation privilege" repeatedly asserted by the City and other parties in this case is valid and applicable, Syncora must first understand the parameters of and the terms governing the mediation as may be modified under the Mediation Order. Finally, the content of the Supplemental Order cannot be kept from Syncora's view because it may further support Syncora's pending confirmation objection, namely that the "cornerstone" of the City's proposed plan of adjustment—the Grand Bargain—is the product of an improper mediation. *See* Bankr. Dkt. No. 6651. The bankruptcy court accordingly abused its discretion by denying the Motion, and the Order must be reversed.

II. **At a Minimum, the Order Must Be Vacated and Remanded Because the Bankruptcy Court Failed to Articulate the Reasons for Refusing to Allow a Party to View or, in the Alternative, Unseal a Sealed Record.**

Even if the bankruptcy court's order was not *per se* an abuse of discretion, it

nonetheless erred by failing to articulate its reasons for setting aside the strong presumption in favor of allowing Syncora to view or, in the alternative, unseal the Supplemental Order. *See, e.g.*, *Brown v. Williamson Tobacco Corp v. Fed. Trade Comm'n*, 710 F.2d 1165, 1176 (6th Cir. 1983) (holding that "the District Court erred by failing to state findings or conclusions which justify nondisclosure"); *Goodman v. Fuller*, 960 F.2d 149 (Table) (stating that "[w]here there is a challenge to the proprietary of such a seal . . . and the district court, after weighing the conflicting interests, remains of the view that curtailment of the public's right to access to the records of its court system is justified, it is ***essential for the court to present a reasoned analysis explaining why***." (emphasis added)). By failing to provide justification for the Supplemental Order, the bankruptcy court deprived this Court of the opportunity to evaluate whether the bankruptcy court abused its discretion when it denied the Motion. *See, e.g.*, *Goodman*, 960 F.2d at 149 (vacating an order denying a motion to unseal where the "district court did not undertake to make findings or conclusions that would justify nondisclosure to the public"); *Brown*, 710 F.2d at 1176 (same); *Primas v. Dist. of Columbia*, 719 F.3d 693, 699 (D.C. Cir. 2013) ("It is imperative that a district court articulate its reasons for electing to seal or not seal a record . . . [because here] the district court's failure to explain it leaves us unable to review the . . . exercise of its discretion" (citations and internal quotation marks omitted)).

That failure to provide any reasoning for this Court to evaluate requires, at a minimum, vacating the Order and remanding for the bankruptcy court to explain the reasoned basis for its decision. *See, e.g.*, *Goodman*, 960 F.2d at 149; *Brown*, 710 F.2d at 1176; *Primas*, 719 F.3d at 699. Because discovery is rapidly coming to a close—including discovery into topics on which the City and others are claiming mediation privilege—and the confirmation hearing on the City's proposed plan is scheduled to begin on September 2, 2014, Syncora respectfully requests that this Court order the bankruptcy court to unseal the Supplemental Order or provide a reasoned decision explaining why it refuses to do so within five days of any remand from this Court. Time here is of the essence.

## CONCLUSION

For the foregoing reasons, this Court should reverse the bankruptcy court's Order or, in the alternative, vacate and remand the Order with instructions that the bankruptcy court must either unseal the Supplemental Order or provide a reasoned decision explaining why it refuses to do so within five days of any remand from this Court.

August 15, 2014 /s/ *Ryan Blaine Bennett*
James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

- and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone:(248) 646-5070
Facsimile: (248) 646-5075

*Counsel for Appellants*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re: | ) |
| | ) Dist. Ct. No. 2:14−cv−13044 |
| CITY OF DETROIT, MICHIGAN, | ) Hon. Bernard A. Friedman |
| | ) U.S. District Judge |
| *Debtor*. | ) |
| | ) |
| SYNCORA GUARANTEE INC. AND | ) |
| SYNCORA CAPITAL ASSURANCE INC., | ) Bankr. Ct. No. 13-53846 |
| | ) Hon. Steven W. Rhodes |
| | ) U.S. Bankruptcy Judge |
| | ) |
| *Appellants*, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF DETROIT, MICHIGAN, | ) |
| | ) |
| | ) |
| *Appellee*. | ) |

## CERTIFICATE OF SERVICE

I, Ryan Blaine Bennett, hereby certify that on August 15, 2014, I caused the foregoing *Brief of Appellants Syncora Guarantee Inc. and Syncora Capital Assurance Inc.* to be filed and served via the Court's electronic case filing and noticing system to all parties registered to receive electronic notices in this matter.

August 15, 2014        /s/ *Ryan Blaine Bennett*
                       James H.M. Sprayregen, P.C.
                       Ryan Blaine Bennett
                       Stephen C. Hackney
                       KIRKLAND & ELLIS LLP
                       300 North LaSalle
                       Chicago, IL   60654
                       Telephone:  (312) 862-2000
                       Facsimile:   (312) 862-2200
                       *Counsel for Appellants*